UNITED STATES DISTRICT COURT
Eastern District of Virginia
Richmond Division

**KEON RENEE HARRIS,**

      **Plaintiff,**

v.                                                                                  Case No. **3:23cv481** _____

**VCU HEALTH SYSTEMS AUTHORITY,**

      **Defendant.**

**Serve: Pursuant to Va. Code §8.01-300(3):**
      **Kimberly Gillespie, Esq.**
      **Chief Legal Officer and General Counsel**
      **VCU Health Systems Authority**
      **Main Street Centre**
      **600 E Main St, Richmond, VA 23219**

## COMPLAINT

Keon Renee Harris ("Harris") sues the VCU Health Systems Authority ("VCU") for employment discrimination based on her sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978. 42 U.S.C. §2000e(k).

### Parties

1. Harris is a domiciliary and citizen of the Commonwealth of Virginia. She was an employee of VCU at all times applicable to this Complaint.

2. VCU is a public body corporate, a public instrumentality, and a political subdivision of the Commonwealth of Virginia whose structure and authority are set forth at Va. Code §23.1-2400 *et seq.* VCU is an "employer" as Title VII defines the terms, who employs more than 500 employees.

**Jurisdiction and Venue**

3.     The Court exercises subject matter jurisdiction over this Complaint pursuant to 42 U.S.C. §2000e-5(f)(3).

4.     Venue is proper in this Court pursuant to 42 U.S.C. §2000e-5(f)(3).

**Exhaustion of Administrative Remedies**

5.     Harris filed her Charge of Discrimination alleging discrimination based on sex with the EEOC (Charge No. 438-2023-01013) on or about April 27, 2023. **Exhibit 1.**

6.     The EEOC issued Harris her Right to Sue letter on May 1, 2023. **Exhibit 2.**

**Facts**

7.     On or about March 20, 2022, VCU hired Harris as a Patient Access Representative.

8.     Harris learned that she was pregnant on or about March 21, 2022.

9.     Harris informed Lakita Boyd, her supervisor at VCU that Harris was pregnant as soon as Harris found out she was pregnant. Ms. Boyd had the authority to take adverse employment actions against Harris at all times relevant to this Complaint. Therefore, Boyd was Harris' "supervisor" as Title VII defines that term.

10.    Almost immediately after finding out she was pregnant, Harris began suffering severe physical symptoms from her pregnancy, including severe nausea, urinary tract infections, and abdominal pain.

11.    On May 11, 2022, Harris received a note from Dr. Caroline Shadowen, a physician who had seen Harris at the VCU Medical Center OB-GYN clinic. **Exhibit 3.** That note stated modest accommodations that Dr. Shadowen recommended that VCU make for Harris

during the workday: that Harris be allowed to "take breaks" and "rest as appropriately decided between herself and her employer" due to the "state of her health."

12. Harris gave Boyd Dr. Shadowen's note and requested the accommodations recommended in that note.

13. Boyd refused to provide Harris any accommodation advised by Dr. Shadowen's note. In fact, on May 23, 2022, Boyd called Harris into Boyd's office and gave her a disciplinary write up regarding times that Boyd alleged Harris had been late or absent from work. Every single incident subject to the May 23, 2022 counseling was caused by Harris' having physical symptoms related to her pregnancy. **Exhibit 4.**

14. Harris continued to suffer these severe physical symptoms of her pregnancy at work, and Boyd refused to provide any accommodation. For example, in May of 2022, Harris uncontrollably urinated on herself at her work desk. Harris asked Boyd if Harris could go home to change her clothes. Boyd replied: "No. I'll get you clothes to change into from the maternity ward." Boyd refused to let Harris go home and change her clothes.

15. On June 30, 2022, Harris began suffering extreme abdominal pain related to her pregnancy while working at her desk. The pain was so bad that Harris was crying. Boyd saw Harris crying and called Harris into her office.

16. Boyd called Harris into Boyd's office at approximately 10:20 a.m. on June 30, 2022 and told her to go to the doctor because "she cannot be crying at the front desk," or words to that effect. Boyd continued, saying: "I [Boyd] am tired of having to deal with issues related to your [Harris'] pregnancy," or words to that effect.

17. Harris contacted the VCU OB-GYN clinic at approximately 11:00 a.m. and was told via text by a nurse "Maria B" that there was no room in any VCU clinics for her to be seen and she should go to an urgent care or an Emergency Room. **Exhibit 5.**

18. Harris was afraid to take time off from work to go to the doctor due to the counseling that she had received from Boyd about missing work on May 23, 2022, as set forth in ¶13 *supra*. So, Harris delayed going to Patient First until after work. Harris went to Patient First at approximately 10 p.m. that night for her abdominal pain.

19. At 10:22 p.m. that evening, Patient First sent Harris to the St. Mary's Emergency Room. **Exhibit 6.**

20. Harris was seen in the St. Mary's Emergency Room on the evening of June 30, 2022, carrying over into the morning of July 1, 2022. **Exhibit 7.** The note from the Emergency Room excused Harris from work for July 1-2, 2022 and cleared her to return to work on July 3, 2022. **Exhibit 8.**

21. Harris was off from work from July 2, 2022 (a Saturday) until July 4, 2022 (a holiday). She returned to work on July 5, 2022.

22. On July 5, 2022, when Harris returned to work, Boyd called Harris into her office shortly before 3:00 p.m. and terminated Harris's employment. Boyd handed a termination letter to Harris, **Exhibit 9**, signed by Boyd, and told Harris to call a VCU Human Resources Representative, Kathy Jordan ("Jordan"), for any questions that Harris had about her firing.

23. Harris called Jordan, on or about July 7, 2022, who told Harris that her firing "was not performance related" and that Harris would be eligible for re-hire at VCU in one year.

**COUNT I**
**Violation of Title VII Against VCU**
**For Terminating Harris due to her Pregnancy**

24.     Harris repeats here the factual allegations in ¶1-23 *supra.*

25.     42 U.S.C §2000e-2(a)(1) makes it an unlawful employment practice for an employer . . . to discharge any individual because of such individual's . . . sex."

25.     42 U.S.C §2000e(k) provides that "[t]he term[ ] 'because of sex' . . .include[s] . . . because of . . . pregnancy, childbirth, or related medical conditions . . .".

**Direct Evidence of VCU's Discriminatory Firing of Harris**

26.     Boyd terminated Harris five (5) days after telling Harris that Boyd was tired of dealing with health issues raised by Harris' pregnancy. The proximity in time between Boyd saying that to Harris and Boyd firing Harris raises a reasonable inference that Boyd fired Harris because she was tired of dealing with Harris' pregnancy and related health conditions.

27.     Jordan told Harris subsequent to Harris' firing that Harris' firing was not performance related and that in one year she would be eligible for rehire. In one year, of course, Harris's pregnancy would be over, so it is a reasonable inference that VCU wanted Harris to work for them, but for her pregnancy, which pregnancy led to her termination.

***McDonald Douglas* Indirect Evidence of VCU's Discriminatory Firing of Harris**

28.     To make out a prima facie showing of discriminatory firing by indirect evidence, Harris must show: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was at the time performing her job duties at a level that met her employer's legitimate expectations; and (4) the position remained open or was filled by a similarly qualified applicant outside the protected class. *Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005).

29. Harris was pregnant the entire time encompassed by this Complaint; specifically, Harris was pregnant when VCU fired her on July 5, 2022. She was a member of a protected class.

30. Harris was fired on July 5, 2022. Her firing was an adverse employment action.

31. Harris was performing her job duties at a level that met VCU's legitimate expectations. Jordan told Harris that her firing was not performance related and that she was eligible to be rehired after one year.

32. VCU replaced Harris in her Patient Access Representative position with a woman who was not pregnant.

## Relief Requested:

WHEREFORE, Harris requests that the Court enter judgment in her favor against the defendant, VCU Health Systems Authority, for the following:

33. A declaration that VCU's firing Harris violated 42 U.S.C §2000e-2(a)(1) and an injunction enjoining further violations by VCU and requiring VCU to reinstate Harris, all pursuant to 42 U.S.C §2000e-5(g)(1).

33. Lost wage damages of $22,880.00, pursuant to 42 U.S.C §2000e-5(g)(1).

34. Compensatory damages of $300,000.00 pursuant to 42 U.S.C. §1981a(b).

35. An award of her costs and attorney's fees, and reimbursement for expert witnesses expenses, pursuant to 42 U.S.C §2000e-5(k).

## Jury Demand

36. The plaintiff demands trial by jury on all issues so triable.

**KEON RENEE HARRIS**

By: /s/ Michael L. Donner, Sr.
      Of Counsel

Michael L. Donner, Sr., Esq.
VSB No. 40958
Setliff Law, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
(804) 377-1267 (phone)
(804) 377-1287 (facsimile)
mdonner@setlifflaw.com
Counsel for the plaintiff