IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KEON RENEE HARRIS,
    Plaintiff,

v.                                                  Civil No. 3:23cv481 (DJN)

VCU HEALTH SYSTEMS AUTHORITY,
    Defendant.

**MEMORANDUM OPINION**

Plaintiff Keon Renee Harris ("Harris") brings this action against Defendant VCU Health Systems Authority ("VCUHS"), asserting a violation of Title VII of the Civil Rights Act of 1964. This matter comes before the Court on Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion" (ECF No. 4)), moving this Court to dismiss Plaintiff's Complaint (ECF No. 1) for failure to exhaust administrative remedies. For the reasons set forth below, the Court will DENY Defendant's Motion (ECF No. 4).

### I.    BACKGROUND

Keon Renee Harris, a former employee of VCUHS, was terminated five days after her supervisor stated that she was "tired of having to deal with issues related to [Harris'] pregnancy." (Compl. ¶ 16.) Harris was subsequently informed that her termination "was not performance related" and that she would be eligible for rehire in one year. (*Id.* ¶ 23.) Harris brings this action under Title VII against VCUHS, seeking recovery for discriminatory discharge and an injunction requiring VCUHS to reinstate Harris and enjoining further violations. (*Id.* ¶¶ 33–35.)

### A. Factual Background

At this stage, the Court must accept as true the facts set forth in the Complaint (ECF No. 1). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Against this backdrop, the Court accepts the following facts as alleged for purposes of resolving the instant motion.

On or about March 20, 2022, Harris was hired as a Patient Access Representative by VCUHS. (Compl. ¶ 7.) The next day, Harris learned that she was pregnant and immediately notified her supervisor, Lakita Boyd ("Boyd"). (*Id.* ¶ 8.) Harris suffered severe physical symptoms from her pregnancy, including nausea, urinary tract infections and abdominal pain. (*Id.* ¶ 10.) On May 11, 2022, Harris requested modest accommodations after consulting with an OB-GYN physician, but Boyd refused to provide any accommodations. (*Id.* ¶¶ 11–13; *see* Compl. Ex. 3 (recommending "breaks at work and rest").) Even after Harris uncontrollably urinated on herself at her desk, Boyd refused to allow Harris to change her clothes at home and instead offered "clothes to change into from the maternity ward." (Compl. ¶ 14.) On May 23, 2022, Harris received a written warning for unscheduled absences and tardiness, all of which stemmed from pregnancy-related symptoms. (*Id.* ¶ 13; Compl. Ex. 4.)

On June 30, 2022, Harris began crying while working at her desk due to extreme abdominal pain caused by her pregnancy. (Compl. ¶ 15.) Boyd stated that she was "tired of having to deal with issues related to [Harris'] pregnancy" and instructed Harris to seek medical attention. (*Id.* ¶ 16.) On July 5, 2022, when Harris returned to work after the holiday weekend, Boyd terminated Harris' employment. (*Id.* ¶¶ 21–22; Compl. Ex. 9.) On or about July 7, 2022, Harris spoke with Kathy Jordan ("Jordan"), a VCUHS Human Resources Representative, who informed her that her termination "was not performance related" and that Harris would be eligible for rehire in one year. (Compl. ¶¶ 22–23.)

On April 27, 2023, Harris filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Compl. Ex. 1.) The charge alleged sex discrimination against Virginia Commonwealth University (College of Health Professions) ("VCU"), as opposed to VCUHS. (Compl. Ex. 1.) Four days later, on May 1, 2023, Harris received a right-to-sue letter from the EEOC. (Compl. Ex. 2.) The EEOC closed the case without any investigation and did not offer mediation to any party during the four days in which the case was open. (Pl.'s Resp. ("Resp.") (ECF No. 7) at 9.)

### B. Procedural Background

On July 31, 2023, Plaintiff filed her Complaint (ECF No. 1), asserting a discrimination claim under Title VII based on the above allegations. On August 30, 2023, Defendant responded by filing this Motion. (ECF No. 4.) On September 13, 2023, Plaintiff filed her Response to Defendant's Motion to Dismiss. (ECF No. 7.) On September 19, 2023, Defendant filed its Reply in Support of the Motion to Dismiss ("Reply" (ECF No. 8)), rendering Defendant's Motion ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint; it does not serve as the means by which a court will resolve factual contests, determine the merits of a claim or address potential defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss, the Court accepts the plaintiff's well-pleaded allegations in the complaint as true and views the facts in the light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under the Federal Rules of Civil Procedure, a complaint must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As the Supreme Court opined in *Twombly*, a complaint must state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," though the law does not require "detailed factual allegations." *Id.* (citations omitted). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," rendering the right "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570. Thus, a complaint must assert facts that are more than "merely consistent with" the other party's liability. *Id.* at 557. The facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

On a motion under Rule 12(b)(6), a court may not consider any documents outside of the complaint, unless the motion is converted into one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint" without converting a Rule 12(b)(6) motion into one for summary judgment, if the authenticity of such documents is not challenged. *Witthohn*, 164 F. App'x at 396–97.

### III. ANALYSIS

The uncontested record demonstrates that Plaintiff, proceeding *pro se* at the time of filing the EEOC charge, did not name her actual employer in her charge of discrimination. (Compl. Ex. 1.) Defendant argues that Plaintiff failed to exhaust her administrative remedies, because she alleged sex discrimination against VCU, as opposed to VCUHS. (Mot. at 2.) Plaintiff concedes

4

that VCU and VCUHS are separate legal entities but argues that the substantial identity exception applies in this case. (Resp. at 1–2.) The Court agrees and finds that Plaintiff has alleged facts sufficient to find that VCU and VCUHS share a substantial identity. Thus, the Court will DENY Defendant's Motion.

As a prerequisite to filing suit under Title VII, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Moreover, a civil action may be brought only "against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). The naming requirement serves dual purposes of providing notice to the charged party and facilitating voluntary conciliation and compliance with the law. *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). Nonetheless, EEOC charges completed by lay persons "must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988).

Accordingly, courts have recognized an exception where there is "substantial identity" between the defendant and the party named in the charge. *Carter v. Arlington Pub. Sch. Sys.*, 82 F. Supp. 2d 561, 567–68 (E.D. Va. 2000). While the Fourth Circuit has not explicitly adopted this exception, it has indicated its approval in dictum. *Alvarado*, 848 F.2d at 461. To determine whether substantial identity exists, courts have often applied the balancing test established by the Third Circuit. *See, e.g., Kouri v. Todd*, 743 F. Supp. 448, 451 (E.D. Va. 1990). In *Glus v. G. C. Murphy Co.*, 562 F.2d 880 (3d Cir. 1977), the Third Circuit instructed district courts to consider four factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

> (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and]
>
> (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 888. Of these four factors, the second and third are accorded greater weight. *Mayo v. Questech, Inc.*, 727 F. Supp. 1007, 1011 (E.D. Va. 1989). "In sum, the test for determining whether the naming requirement bars a suit should focus not on pleading formalities, but on the equities involved in affording remedies to injured plaintiffs and providing procedural safeguards to defendants." *Id.*

In this case, the first, second and third factors[1] weigh in favor of allowing this action to proceed against VCUHS. As to the first factor, the Court finds that Harris could not reasonably ascertain the distinction between VCUHS and VCU at the time of filing the EEOC charge. VCUHS dedicates a lengthy portion of its brief to establish that VCUHS and VCU are separate corporate entities, citing to various sections of Virginia Code. (*See* Mot. at 6–7.) Harris, proceeding *pro se* at the time of filing the EEOC charge, could not reasonably be expected to sift through these statutory provisions to ascertain the legal distinction between VCU and VCUHS. Moreover, unlike an executive in a high-level position, Harris was employed as a Patient Access Representative and had no prior knowledge of VCUHS' corporate structure.[2] *Compare EEOC v. 1618 Concepts, Inc.*, 432 F. Supp. 3d 595, 604–05 (M.D.N.C. 2020) (finding that a dishwasher

---

[1] The fourth factor is inconclusive. Harris does not assert that VCUHS represented that its relationship with Harris should be through VCU.

[2] (Compl. ¶ 7.)

6

could not reasonably determine the identity of his employer based on his paychecks), *with Mayes v. Moore*, 419 F. Supp. 2d 775, 783 (M.D.N.C. 2006) (finding that the Chief Financial Officer of a parent corporation could reasonably ascertain the identity of all the company's affiliated businesses). Thus, the first factor favors applying the substantial identity exception.

The second factor also favors Harris' position. Here, the Court may infer that, under the circumstances, the interests of VCU and VCUHS are substantially similar. In *Tietgen v. Brown's Westminster Motors, Inc.*, 921 F. Supp. 1495 (E.D. Va. 1996), the Court considered whether an unnamed corporate entity could be sued under Title VII if it was closely affiliated with another entity named in the EEOC charge. *Id.* at 1496. The Court concluded that the plaintiff established the requisite substantial identity, because the alleged facts suggested that the two entities were "under common control, including specifically that the same persons exercised control over employment decisions at both dealerships." *Id.* at 1498.

Likewise, in this case, the parties do not dispute that VCU and VCUHS are affiliated entities with overlapping leadership. (Resp. at 7; Reply at 7.) Dr. Michael Rao serves as the President of VCU, as well as the President and Chairman of the Board of VCUHS. (Resp. at 7.) In addition, Dr. Marlon Levy serves as both VCU's Vice President for Health Sciences and the CEO of VCUHS. (*Id.*) Because VCUHS and VCU are affiliated entities that are governed, most notably, by the same president, Harris has alleged facts sufficient to demonstrate that the interests of VCU are substantially similar to the interests of VCUHS.

The Court is not persuaded by VCUHS' reliance on *Alvarado* to argue that "the mere overlap of some leadership positions or board positions" does not subject an affiliated entity to suit. (Reply at 7.) In *Alvarado*, the complainant named Montgomery Community College as his employer in the EEOC charge but brought a Title VII action against the college's board of

7

trustees. *Alvarado*, 848 F.2d at 459. Because the board of trustees and college were functionally identical under Maryland law for the purposes of Title VII, the Fourth Circuit held that the complainant satisfied the naming requirement. *Id.* at 460. In doing so, the Court expressly declined to consider the applicability of the substantial identity exception, which is the issue presented in this case. *Id.*; *see also Kouri*, 743 F. Supp. at 451 (delineating between the "functionally identical" and "substantial identity" exceptions to the naming requirement). Because Harris has not alleged that VCU and VCUHS are functional equivalents for the purposes of the naming requirement, *Alvarado* is distinguishable from the instant case.

Lastly, the Court accords great weight to the third factor and finds that VCUHS suffered no actual prejudice. The EEOC issued a right-to-sue letter four days after Harris filed her charge of discrimination. (Compl. Exs. 1, 2.) Because no investigation or formal conciliation efforts occurred in the four days while the case was before the EEOC, (Resp. at 9), VCUHS could not have been prejudiced by Harris' failure to name it in the charge. *See, e.g., Nicol v. Imagematrix, Inc.*, 767 F. Supp. 744, 751–52 (E.D. Va. 1991) (finding no prejudice to the unnamed parties when plaintiffs received a right-to-sue letter before conciliation attempts commenced). In these circumstances, barring the Title VII action would unnecessarily prejudice a lay claimant and result in an "unnecessarily technical and restrictive reading[]" of the statute. *EEOC v. Am. Nat'l Bank*, 652 F.2d 1176, 1186 n.5 (4th Cir. 1981).

In conclusion, because VCUHS and VCU share substantially similar interests under the circumstances and there is no demonstrable prejudice, Harris has alleged sufficient facts to satisfy the substantial identity exception to the Title VII naming requirement at the 12(b)(6) stage.

## IV. CONCLUSION

For the reasons set forth above, the Court will DENY Defendant's Motion (ECF No. 4).

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

                                       /s/
                                   David J. Novak
                                   United States District Judge

Richmond, Virginia
Dated: October 30, 2023